## Shrock *et al. v.* Bowden *et al.* Administrators.

A variance between the contract, as described in the endorsement on the writ, and as set forth in the declaration, cannot be taken advantage of on a writ of error, after judgment by default. The objection is cured by the statute of Jeofails, it being properly the subject of a plea of abatement, or special demurrer, in the court below.

It is too late, after judgment by default, to assign as error, that the endorsement on the writ does not state the sum actually demanded by the suit.

Where the declaration in stating the date of the note sued on, and the time of payment, showed it to be payable on a day anterior to its date, it was held to be merely a clerical error.

IN ERROR to the circuit court of Madison county.

Wyley & Gillespie, for plaintiffs in error.

Tupper & Rollins, *contra*.

Opinion of the court by Mr. Justice TROTTER.

This was an action of *assumpsit* in the usual form, upon a promissory note. Judgment was entered against the appellants by default, in the court below. There are several errors assigned, but it is not deemed necessary to notice any except the following:

First. It is assigned as error that there is a material variance between the contract described in the endorsement on the writ, and that set forth in the declaration. The endorsement stating the note to be due on the 1st of March, 1837, and the declaration, describing it to be due on the 1st of March, 1835. The objection is undoubtedly a valid one, and must have been fatal to the appellees if it had been taken in the proper form, by plea in abatement or special demurrer, in the court below. But it cannot be taken in this court, after a judgment by default in the inferior court. It is cured by the statute of Jeofails. It is also assigned as error, that the endorsement on the writ does not state, as it should do, the

[Shrock *et al. v.* Bowden *et al.* Administrators.]

sum actually demanded by the suit.　This objection is also too late, and cannot be allowed.　It is also objected that the process of *capias ad respondendum* was not served upon the appellants. But this assignment of error is not supported by the record.　The last objection is, that the declaration in stating the date of the note sued on, and the time of payment, has shown it to be payable on a day anterior to its date.　This is clearly a mere clerical error, and is cured after verdict or default.

Let the judgment be affirmed.